# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR SANCHEZ, | ) | 1:07cv001580 LJO GSA |
| | ) | |
| Plaintiff, | ) ) ) | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS GONZALEZ AND WALLACE |
| v. | ) ) ) | |
| COUNTY OF TULARE, | ) | |
| | ) | |
| Defendant. | ) | |

I. <u>Screening Order</u>

   A. <u>Screening Requirement</u>

   Plaintiff Victor Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 29, 2007.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (en banc).

   In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740

1  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick</u>
2  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
3  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
4  B.   <u>Plaintiff's claims</u>
5       Plaintiff alleges that on March 11, 2006, Sergeant John Gonzalez and Detective Mike
6  Wallace of the Tulare County Sheriff's Department approached Plaintiff's vehicle in Earlimart,
7  California located in Tulare County.  The officers requested that Plaintiff get out of his car and
8  they physically assaulted him without reason.  As a result, Plaintiff suffered severe facial
9  abrasions as well as neck and back injuries.  Plaintiff seeks monetary damages and requests that
10 the officers be permanently removed from their position.
11 C. <u>Analysis</u>
12      1.   <u>Defendants Gonzales and Wallace</u>
13      The Civil Rights Act under which this action was filed provides:
14      Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States. . . to the deprivation of any rights,
15      privileges, or immunities secured by the Constitution. . . shall be liable to the
        party injured in an action at law, suit in equity, or other proper proceeding for
16      redress. 42 U.S.C. § 1983.
17      At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege
18 that: (1) a person was acting under color of state law at the time the act complained of was
19 committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities
20 secured by the Constitution or laws of the United States.  <u>Paratt v. Taylor</u>, 451 U.S. 527, 535
21 (1981).  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
22 defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer</u>
23 <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).  Thus, the statute plainly requires that there be an
24 actual causal connection or link between the actions of the defendants and the deprivation alleged
25 to have been suffered by plaintiff.  See <u>Monell v. Department of Social Services</u>, 436 U.S. 658
26 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Construing the facts as alleged as true, and in the
27 light most favorable to the Plaintiff, Defendants Gonzalez and Wallace's conduct was an illegal
28

seizure and violated Plaintiff's rights under the Fourth Amendment. Thus, the complaint states a cognizable claim for relief under section 1983 against Defendants Gonzales and Wallace.

        2.       <u>Defendants Tulare County and Tulare County Sheriff's Department</u>

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury. <u>Id.</u> This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. International Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978); <u>Webb v. Sloan</u>, 330 F.3d 1158, 1163-64 (9th Cir. 2003); <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. <u>Gibson</u>, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. <u>Gibson</u> at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." <u>Id</u>. Deliberate indifference requires a showing "that the municipality

was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has failed to state a § 1983 claim against Tulare County or the Tulare County Sheriff's Department because he has failed to allege that a deliberate policy, custom, or practice was the moving force behind the constitutional violation suffered, or that local government unit's omission led to the constitutional violation by its employee. The Court will, however, grant Plaintiff the opportunity to amend the complaint with regard to those Defendants pursuant to the instructions below.

C.    Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against Defendants Gonzales and Wallace for a violation of Plaintiff's Fourth Amendment rights. However, Plaintiff's complaint does not state a claim under section 1983 against Defendants Tulare County or the Tulare County Sheriff's Department.  The court will provide Plaintiff the opportunity to file an amended complaint, if Plaintiff wishes to do so.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Gonzales and Wallace for a violation of his Fourth Amendment rights, Plaintiff may so notify the court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Tulare County and the Tulare County Sheriff's Department be dismissed from this action. The Court will also forward Plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

In the event that Plaintiff does wish to file a second amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If Plaintiff chooses to amend the complaint, Plaintiff must allege that Tulare County or the Tulare County Sheriff's Department had a deliberate policy, custom, or practice that was the 'moving force' behind constitutional violation suffered by the Plaintiff.  Galen v. County of Los Angeles, at 667. City of Canton, Ohio, v. Harris, at 385.  Alternatively, Plaintiff must allege that the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its' omissions would likely result in a constitutional violation." Id.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Gonzales Wallace on his Fourth Amendment claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

**Dated:   November 16, 2007**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE